```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Bonnie Sullivan and
Christopher Sullivan**

    **v.**                                      Case No. 10-cv-16-PB
                                                           Opinion No. 2010 DNH 151

**Transportation Security
Administration**

## MEMORANDUM AND ORDER

Bonnie and Christopher Sullivan bring this action against the Transportation Security Administration ("TSA") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), for damages resulting from the alleged theft of Bonnie Sullivan's Rolex watch.  The theft allegedly occurred as a result of TSA luggage screening before a flight from Fort Lauderdale, Florida to Manchester, New Hampshire on March 16, 2009.  TSA argues in a motion to dismiss that this court lacks subject matter jurisdiction over the claim asserted.  I grant TSA's motion for the reasons set forth below.

## I. BACKGROUND

On March 16, 2009, plaintiffs flew from Fort Lauderdale, Florida to Manchester, New Hampshire. (Compl., Doc. No. 1, ¶ 4.) The night before their flight, Bonnie Sullivan allegedly placed a Rolex watch in her suitcase, stuffed into the toe of a shoe. (Id.) When the suitcase arrived at the Manchester airport it had a "TSA Cleared" sticker on it and, upon arriving home, plaintiffs opened the suitcase to find that the watch was missing. (Id.) Plaintiffs sued TSA under the FTCA, alleging that the watch was stolen by a TSA employee when the suitcase was searched at the Fort Lauderdale airport. (Id.)

TSA argues in a motion to dismiss that this court lacks subject matter jurisdiction over the case because the United States has waived its sovereign immunity under the FTCA only for torts committed by its employees acting within the scope of their employment, and that theft by a TSA employee is not within the scope of employment. (See Def.'s Mem. of Law in Supp. of Mot. to Dismiss, Doc. No. 5-1, at 4).

## II. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction

-2-

pursuant to Fed. R. Civ. P. 12(b)(1) challenges the statutory or constitutional power of the court to adjudicate a particular case.  2 James Wm. Moore et al., Moore's Federal Practice § 12.30[1] (3d ed. 1997).  The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.  See Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).  In resolving the instant motion, I must construe the complaint liberally, treat all well-pleaded facts as true, and view them in the light most favorable to the plaintiff.  See McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006).  "[The] plaintiff, however, may not rest merely on unsupported conclusions or interpretations of law."  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted).  Dismissal under Rule 12(b)(1) is appropriate only if the facts alleged in the complaint do not support subject matter jurisdiction even if taken as true.  See Muniz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003).  I apply this standard in resolving TSA's motion to dismiss.

## II. ANALYSIS

"It is well settled that the United States, as sovereign,

may not be sued without its consent."  See Murphy, 45 F.3d at 522 (citing United States v. Dalm, 494 U.S. 596, 608 (1990)). Pursuant to the FTCA's broad waiver of sovereign immunity, the United States has consented to suit under certain limited circumstances, including actions for damages

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Here, plaintiffs claim that the TSA is liable for a theft allegedly committed by its employee because the employee was acting within the scope of his employment when he committed the theft.  Because the alleged theft would have occurred in Florida, Florida law will determine the scope of employment standard.  See McCloskey v. Mueller, 446 F.3d 262, 266-67 (1st Cir. 2006). While there is no Florida case dealing with the exact question presented here, there is nevertheless sufficient guidance in other Florida cases which resolve the scope-of-employment issue in the context of other intentional torts.

Under Florida law, an employee's conduct is within the scope of his employment where "(1) the conduct is of the kind he was

-4-

employed to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master." Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So.2d 353, 357 (Fla. Dist. Ct. App. 2001). "Whether an employee is acting within the scope of his employment may become a question of law when there are no conflicting facts and the jury could reach only one sustainable conclusion." Garcy v. Broward Process Servers, Inc., 583 So.2d 714, 716 (Fla. Dist. Ct. App. 1991).

Florida cases establish that the relevant conduct to be analyzed in a scope of employment inquiry is the alleged tortious act, not the broader activity the employee may have been engaged in at the time. In Perez v. Zazo, the stabbing of a tenant by an apartment manager in response to a complaint about the apartment's hot water was held to be outside of the scope of the apartment manager's employment because the court was "simply unable to discern any indication whatever that any purpose of the apartment owner was being served... by the senseless, inexplicable act which injured Zazo." 498 So.2d 463, 465 (Fla. Dist. Ct. App. 1986). Instead, the tortious act was motivated

entirely by the personal interests of the apartment manager.  Id. The court was not persuaded by the fact that the apartment manager was responding at the time to a general request to fix the apartment, specifically noting that "it makes no difference that [the act] stemmed from or arose during the employment." Id.; see also Agriturf Management Inc. v. Roe, 656 So.2d 954, 955 (Fla. Dist. Ct. App. 1995) (holding that an employee's molestation of his granddaughter, even though on company property and during work hours, was not within the scope of employment because "[defendant's] misconduct did not have as its source or its purpose any intent to serve Agriturf").

In this case, plaintiffs have similarly failed to identify any evidence to support the view that the theft of a watch by a TSA agent, as opposed to the broader conduct of screening baggage, was motivated by a desire to serve the interests of TSA rather than merely the personal interests of the agent who allegedly stole the watch.  The mere fact that the theft was made possible by or arose during a TSA-authorized search is, by itself, insufficient.

This approach to the problem is consistent with the Restatement (Third) of Agency, which looks to whether the

specific tortious conduct of the employee was intended at least in part to further the purpose of the employer.  Restatement (Third) of Agency §7.07 cmt. b ("When an employee commits a tort with the sole intention of furthering the employee's own purposes, and not any purposes of the employer . . . .[t]he employee's intention severs the basis for treating the employee's act as that of the employer in the employee's interaction with the third party").  Moreover, other district courts addressing this exact issue under similar state laws have reached the same result.  See Bradley v. Transp. Sec. Admin., 552 F. Supp. 2d 957, 961 (E.D. Mo. 2008) (holding that alleged theft by TSA agent was outside the scope of employment because "such an employee would be motivated solely for personal gain"); Carpenter v. Transp. Sec. Admin., Civ. No. AW-08-2578, slip op. at 5 (D. Md. Apr. 9, 2010) (holding that alleged theft of a watch by TSA agent was outside the scope of employment because "the employee was not acting in service of, or furthering a purpose of, the TSA").

   While Bradley and Carpenter do rely on slight state law variations of what constitutes conduct within the scope of employment, the foundation for both decisions, as with this case, is that the alleged theft could not have been perceived by the

agent to benefit TSA in any way. Because plaintiffs offer no evidence that the TSA agent's theft was motivated by a desire to benefit TSA, Florida law requires dismissal of this case.

## IV. CONCLUSION

For the reasons stated above, I conclude that this court lacks jurisdiction to hear plaintiff's claim, and I grant defendant's motion to dismiss (Doc. No. 5). The clerk is directed to enter judgment and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

August 19, 2010

cc: Christopher Sullivan, pro se
    Bonnie Sullivan, pro se
    T. David Plourde, AUSA